LAWRENCE JOSEPH LADNER and MERLE LADNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ladner v. Commissioner
Docket No. 8817-79.
United States Tax Court
T.C. Memo 1982-207; 1982 Tax Ct. Memo LEXIS 540; 43 T.C.M. (CCH) 1111; T.C.M. (RIA) 82207; April 19, 1982. Lawrence Joseph Ladner and Merle Ladner, pro se. Christine B. Barish, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to the tax under section 6653(a) [1] as follows: *541 Deficiencies
Additions to
Year
in Tax
the Tax
1975
$ 4,103.76
$ 205.19
1976
$ 3,779.80
$ 188.99
The issues for decision are: (1) Whether petitioner-husband was engaged in a trade or business or a transaction entered into for profit in regard to a purported business activity known as Ladner Desert Greens Recreation & Health Facility, a mobile home unit located at Palm Desert Greens, California; (2) If so, whether petitioner-husband has substantiated ordinary and necessary business expenses in the amounts of $ 10,023 and $ 10,181 for the years 1975 and 1975, respectively; (3) Whether petitioners have substantiated their itemized deductions in the amounts of $ 8,882 and $ 8,507 for the years 1975 and 1976, respectively; and (4) Whether petitioners have established that their underpayments of taxes for each year were not due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Lawrence Joseph Ladner and Merle Ladner, husband and wife, resided at 840 East Brookdale Avenue, La Habra, California, at the time they filed their petition in this case and during 1975 and 1976. They *542 timely filed joint Federal income tax returns for 1975 and 1976. Petitioner Merle Ladner is a party to this suit primarily because she filed joint returns with her husband, and the term petitioner in the singular will hereinafter refer to the husband. During 1975 and 1976, petitioner was employed by Hughes Aircraft Company as an industrial engineer. He worked a 40-hour week, Monday through Friday, on that job. On April 28, 1975, petitioner purchased a mobile home unit at a cost of $ 18,690, plus $ 1,121.48 sales tax and $ 232 for a Department of Motor Vehicles license and registration, for a toral cost of $ 20,043.48. Thereafter, he spent some $ 3,000 - $ 4,000 to construct a foundation for the mobile unit at Palm Desert Greens, an exclusive resort area near Palm Springs and Rancho Mirage, California. In 1975 and 1976, petitioner and his wife furnished the mobile home unit, spending $ 4,462.59 for that purpose. The furniture and furnishings were selected by petitioner's wife, an interior decorator. She selected ordinary household furniture, but made her choices primarily with an eye to color and good taste. The mobile unit was furnished as an ordinary home and did not contain *543 any gym, exercise, or other special health equipment. In 1975 and 1976, the wife visited the mobile unit on only a few occasions, always in connection with furnishing and decorating the unit. Petitioner went to the mobile home unit almost every weekend, usually accompanied by other persons. Palm Desert Greens had a golf course, swimming pools, and tennis courts. Palm Desert Greens had a single entrance, with a guard on duty 24 hours a day, and only owners and their designated guests were admitted by the guard. Palm Desert Greens had strict restrictions as to uses of the lots within the area, limiting the lots to single family mobile home residential purposes only and prohibiting any gainful occupation, profession or trade or other non-residential use an any lot or in any building, without prior written approval of the Architectural Review Committee. The record does not establish that petitioner ever sought any approval of the Architectural Review Committee to carry on a business at Palm Desert Greens. Petitioner never obtained any license from the state, county, or other governmental unit to carry on any business at Palm Desert Greens or at any other location. Some 25 years *544 earlier petitioner had engaged in sports activities in college. After college he played some football, and at some point taught swimming and golf and worked at a summer camp. However, the record does not establish that petitioner had any particular expertise or training in physical education, exercise programs, recreation, or health care or counseling in regard thereto. Petitioner never sought any professional advice or assistance in regard to operating any business involving physical education, exercise programs, recreation, or health care, or counseling in regard thereto. Petitioner never had any employees in connection with Ladner Desert Greens Recreation & Health Facility. The record is devoid of any evidence to establish that petitioner had any customers or clients or to establish that petitioner was engaged in any trade or business or in any transaction entered into for profit. With his tax returns for 1975 and 1976, petitioner included Schedule C's for a business identified as "Ladner Desert Greens Recreation & Health Facility," with a business address of 840 East Brookdale Avenue, La Habra, California, the family residence. The Schedule C's listed the principal business *545 activity as "Recreation & Health." No income from that activity was reported for 1975 and $ 1,095 was reported as income for 1976. The following expenses were deducted for each year, resulting in claimed business losses of $ 10,023 for 1975 and $ 9,086 for 1976: Item:
1975
1976
Depreciation
$ 6,582
$ 3,873
Taxes on business
property
232
248
Rent on business property
1,200
1,440
Repairs
25
18
Insurance
96
108
Water
147
154
Electricity
38
270
Gas
17
96
Advertising costs
26
Maintenance
372
Telephone
160
192
Auto expense
1,560
Expense account
1,500
1,850
Total:
$ 10,023
$ 10,181
The depreciation item listed above is based on the total purchase price of the mobile home unit (including sales tax and expenses of motor vehicle tags and registration deducted elsewhere), the expense for the foundation, and the cost of the furniture purchased for the mobile home unit. The taxes item for 1975 ($ 232) refers to the tags and registration expenses paid to the Department of Motor Vehicles for the mobile home unit. The item of rent is an estimated figure for an office in the home at the La Habra family residence, allegedly used for *546 business purposes in connection with the Ladner Desert Greens Recreation & Health Facility. Petitioners substantiated the payment of $ 96 for insurance on the mobile home unit for 1975. Petitioners have not substantiated any of the other items of alleged business expense deducted on the Schedule C for either year. On the Schedule A's attached to their tax returns, petitioners claimed the following itemized deductions: 1975
1976
Medical expenses
$ 1,624
$ 1,323
Taxes
3,341
2,355
Interest
3,024
3,818
Contributions
893
1,011
Totals:
$ 8,882
$ 8,507
These amounts were disallowed on audit for lack of substantiation. At trial petitioners substantiated a few items, and the record was left open to permit them to submit additional documentation after the trial, which they did to some extent. Petitioners have not substantiated any amount for contributions for either year. Petitioners have not substantiated any unreimbursed medical expenses for either year except an amount of $ 64.30 paid in 1975. Petitioners have substantiated the following amounts of interest paid in each year: 1975
1976
Hughes Credit Union
$ 1,122.85
$ 2,435.47
Bank of America
50.00
Alison Company
524.11
430.87
Avco Investment
502.71
425.96
Totals:
$ 2,199.67
$ 3,292.30
*547 Petitioners have substantiated the following amounts of taxes paid in each year: 1975
1976
San Bernardino County
$ 52.69
San Bernardino County
54.31
54.31
Orange County
294.55
473.59
Orange County
308.48
308.48
Riverside County
175.88
195.25
Sales Tax on purchase
of mobile home
1,121.48
Totals:
$ 2,007.39
$ 1,031.63
Respondent concedes that petitioners are entitled to deduct these substantiated amounts of interest and taxes. Petitioners have not established that their underpayments of taxes for 1975 and 1976 were not due to negligence or intentional disregard of rules and regulations. OPINION Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 212 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred for the production of income or the management, conservation, or maintenance of property held for the production of income. Whether or not the taxpayer is carrying on a trade or business or is engaged in an activity for profit is a question of fact to be determined by all of the surrounding facts *548 and circumstances of the case. Godfrey v. Commissioner,335 F. 2d 82, 84 (6th Cir. 1964), affg. a Memorandum Opinion of this Court; Hirsch v. Commissioner,315 F. 2d 731, 736 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; Jasionowski v. Commissioner,66 T.C. 312, 319-322 (1976). However, section 262 prohibits any deduction for personal, living, or family expenses. The issues in this case are primarily factual. Substantiation issues loom large in regard to both the business expense deductions and the itemized deductions claimed by petitioners. Apart from substantiation, the principal issue is whether petitioner-husband was carrying on a trade or business or engaged in a for-profit activity in regard to what he called the "Ladner Desert Greens Recreation & Health Facility," a mobile home unit located in an exclusive resort area. Unlike the usual case involving residential property in a resort area, petitioner is not contending that the mobile home unit was rental property. He insists instead that the mobile home unit was somehow used in conjunction with some type of consulting business in which he was engaged. He *549 emphatically and repeatedly denied that he was renting the property. He testified that the unit was " a part of the consulting," that he "sold basically the consulting service, and along with it came the mobile unit to carry out the consulting," that most of the consulting took place at his home office in the family residence at La Habra but that the mobile home unit was used "to carry out the consulting operations." The mystery never explained by petitioner was the nature of the alleged consulting business. At the outset of the trial, petitioner was strangely reluctant even to attempt to describe for the Court the nature of his business activities. The Court allowed him to submit as part of his sworn testimony a written description of the business which in pertinent part read as follows: 1. The mobile unit in question was set up as a facility in which my clients are to carry out my consoling instructions in order that they will acheve (sic) improved health. 2. Several prospective clients were given sample consoling lectures along with trips to the mobile unit in 1975, in an asserted effort to sign them up as clients in my consulting business. Despite the Court's repeated *550 prompting, petitioner either could not or would not explain the nature of his alleged "consulting business," "consoling instructions," or "consoling lectures." He finally suggested that there was a mispelling and that "consoling" should be "consulting," but he still failed to explain the nature of any such consulting business. Petitioner testified vaguely about exercise programs, physical workouts, rest, better health and recreation, and the "recreation end" of health care. The mobile home unit was tastefully furnished as a home and did not contain any gym, exercise, or other special health equipment. Petitioner vaguely suggested that his "clients" performed something in the nature of calisthenics at the mobile unit. The Court found petitioner's testimony to be vague, evasive, and wholly unworthy of belief. Although petitioner styled himself as "adept at lots of sports" and "an expert in the athletic field," the Court is not persuaded that that is the case. Petitioner's only athletic background appears to have been college sports some 25 years earlier, perhaps some football experience right after college, and the fact that at some time he had taught swimming and golf or had *551 served as a camp counselor. During the years involved in this case, he was employed full-time as an industrial engineer with the Hughes Aircraft Company. The record does not establish that petitioner had any particular expertise or training in physical education, exercise programs, recreation, or health care or in counseling in regard to any of these matters. Furthermore, petitioner was not licensed by the state, county, or any other governmental unit to carry on a business in any of these areas. Moreover, the Palm Desert Greens resort restricted the use of the mobile home units to purely single family residential purposes and prohibited any business or professional activities without prior written approval of the Architectural Review Committee. The record does not indicate that petitioner ever sought or received such approval. In view of the ordinary household furnishings in petitioner's mobile home unit and its location in a resort community with access to a golf course, swimming pools, and tennis courts, it would seem that petitioner's business activity, if any, would involve renting the property to tenants. Petitioner denied that he rented the property to anyone, and the *552 Court cannot find that he was engaged in any other business or profit-seeking activity. Since we have found that petitioner was not carrying on a trade or business and was not otherwise engaged in a profit-seeking activity in regard to the mobile home unit, we need not discuss the various items of expense. None of them are deductible. Moreover, petitioner has failed to substantiate most of these claimed expenditures. We conclude that petitioner's use of the mobile home unit was purely personal. That is consistent with petitioner Merle Ladner's admission that the mobile home unit was purchased for recreational purposes and that Palm Desert Greens was selected as the site for it because that was a recreational or resort area. Simply stated, the Court did not believe petitioner's testimony about his alleged business activity. The Court concludes that petitioner, under the guise of alleged business expense, simply attempted to deduct his personal expenses of purchasing and maintaining a mobile home unit in an exclusive resort area. Section 262 prohibits such deductions. During the audit, respondent disallowed various itemized deductions for lack of substantiation. Petitioners *553 have the burden of proof to establish the deductibility and amounts of any items claimed on their tax returns. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have now substantiated some of the itemized deductions as indicated in the Findings of Fact above. Petitioners are entitled to deduct the amounts thus substantiated. They have not sustained their burden of proof as to the other itemized deductions, and we must therefore uphold respondent's disallowance of these items. Respondent also imposed the negligence additions in this case. Petitioners have the burden to establish that their underpayments of tax were not due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). Vaira v. Commissioner,444 F. 2d 770, 777 (3d Cir. 1971), affg. as to this issue and reversing and remanding as to other issues, 52 T.C. 986 (1969); Bixby v. Commissioner,58 T.C. 757 (1972). Petitioners have not sustained their burden of proof, and we therefore uphold respondent's imposition of the negligence additions. To reflect *554 the above holdings, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years involved in this case, unless otherwise stated.↩